J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILLIP ELWELL, individually,

Plaintiff,

v.

GREGORY HARVEY, individually; FEDEX FREIGHT, INC. dba FEDEX FREIGHT dba FEDEX FREIGHT, SLV; DOES 1 to 100; and ROE CORPORATIONS 1 to 100, inclusive,

Defendants.

CASE NO: ________________

**DEFENDANTS' NOTICE OF REMOVAL**

TO: DEBRA KEMPI, Clerk, United States District Court for the District of Nevada

PLEASE TAKE NOTICE that Defendants FEDEX FREIGHT, INC. and GREGORY HARVEY hereby remove to this Court the state court action entitled "PHILLIP ELWELL, individually, Plaintiff v. GREGORY HARVEY, individually, FEDEX FREIGHT, INC. dba FEDEX FREIGHT dba FEDEX FREIGHT, SLV, DOES 1 to 100 and X, and ROE CORPORATIONS 1 to 100, inclusive, Defendants," Case No. A-19-800705-C filed in the Eighth Judicial District Court for the State of Nevada, County of Clark. A copy of the Complaint is attached hereto as Exhibit A. The grounds for removal are:



ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441(a)-(c), in that it is a civil action between a citizen of the State of Nevada, a citizen of the State of Colorado, and a Corporation that is a citizen of Delaware and Arkansas, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2. Based upon information and belief, Plaintiff PHILLIP ELWELL is and remains a citizen of the State of Nevada. *See* Complaint ¶ 1.

3. Defendant GREGORY HARVEY is a resident of the State of Colorado.

4. Defendant FEDEX FREIGHT, INC., is a corporation incorporated in Delaware, with its principal place of business is Harrison, Arkansas.

5. The Defendants sued as DOES I to 100, and ROE CORPORATIONS I to 100, inclusive, are fictitious parties and not relevant to the determination of subject matter jurisdiction. *See* 28 U.S.C. § 1441(a) (stating "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

6. Based upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Plaintiff PHILLIP ELWELL is claiming past medical damages of approximately $185,180.96, and alleges the need for future treatment at a cost exceeding $336,528.50. Plaintiff alleges his damages are continuing and shall continue in the future. *See* Complaint ¶ 15.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)-(b) and Local Rule 8-1. This action was originally brought in the Eighth Judicial District for the State of Nevada, Clark County.

8. This notice of removal is timely filed within thirty (30) days after receipt of the paper that makes this case removable as required by 28 U.S.C. § 1446(b), in that it is filed within

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

thirty (30) days of service of the Summons and Complaint on Defendant FEDEX FREIGHT, INC. on August 30, 2019. Defendant GREGORY HARVEY was served with the Summons and Complaint on September 17, 2019.

9. Pursuant to 28 U.S.C. 1446(d), Defendants have prepared and will file with the Clerk of the Eighth Judicial District Court a Notice of Removed Action.

Dated this 25th day of September, 2019.

ALVERSON TAYLOR & SANDERS

/s/ Karie N. Wilson

J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

## CERTIFICATE OF SERVICE

I hereby certify on this 25th day of September, 2019, I did email and deposit in the United States Post Office, with postage fully prepaid thereon, the above and forgoing **DEFENDANTS' NOTICE OF REMOVAL** addressed to:

Farhan R. Naqvi, Esq.
naqvi@naqvilaw.com
Paul G. Albright, Esq.
paul@naqvilaw.com
NAQVI INJURY LAW
9500 W. Flamingo Rd., Ste. 104
Las Vegas, NV 89147
702-553-1000 Phone
702-553-1002 Fax
Attorneys for Plaintiff



Employee of ALVERSON TAYLOR & SANDERS

n:\bruce.grp\z-client\26220\pleadings\notc removal.docx

# EXHIBIT A

Electronically Filed
8/22/2019 4:55 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**

FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
NAQVI INJURY LAW
9500 W Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
paul @naqvilaw.com
*Attorneys for Plaintiff*

CASE NO: A-19-800705-C
Department 32

NAQVI INJURY LAW

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| PHILLIP ELWELL, individually<br><br>Plaintiff,<br>vs.<br><br>GREGORY HARVEY, individually; FEDEX FREIGHT, INC. d/b/a FEDEX FREIGHT d/b/a FEDEX FREIGHT, SLV; and DOES 1 to 100, ROE CORPORATIONS 1 to 100, inclusive,<br><br>Defendants. | Case No.:<br>Dept. No.<br><br>**COMPLAINT** |

Plaintiff PHILLIP ELWELL (hereinafter referred to as "Plaintiff"), by and through his attorneys of record, FARHAN R. NAQVI and PAUL G. ALBRIGHT of NAQVI INJURY LAW, complains against Defendants GREGORY HARVEY, FEDEX FREIGHT, INC. d/b/a FEDEX FREIGHT d/b/a FEDEX FREIGHT, SLV, and DOES I through X and ROE CORPORATIONS I through X (hereinafter collectively referred to as "Defendants") as follows:

**PARTIES AND JURISDICTION**

1. That Plaintiff PHILLIP ELWELL is and, at all times mentioned herein, was a resident of Clark County, Nevada.

2. That Defendant GREGORY HARVEY (hereinafter referred to as "Defendant HARVEY"), upon information and belief, is and, at all times mentioned herein, was a resident of Clark County, Nevada.

3. That Defendant FEDEX FREIGHT, INC. d/b/a FEDEX FREIGHT d/b/a FEDEX FREIGHT, SLV (hereinafter referred to as "Defendant FEDEX"), upon information and belief, is and, at all times mentioned herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

4. That the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of Defendant DOES I through X and ROE CORPORATIONS I through X inclusive are unknown to Plaintiff who therefore sue said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiff. Plaintiff is informed and believes and thereupon alleges that each of the defendants designated herein as a DOE and ROE was and is negligent or, in some other actionable manner, is responsible for the events and happenings hereinafter referred to and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the fictitiously named defendants' true names and capacities after the same have been ascertained. The legal responsibility of said Defendants DOES I through X and ROE CORPORATIONS I through X arises out of, but is not limited to, their status as operators, owners, maintainers, controllers and/or entrustors of the vehicle that Defendant HARVEY was operating at the time of the subject collision, their agency, representative, master/servant, employer/employee or joint venture relationship with the responsible parties, including

any other entities who are also responsible for the events and claims asserted herein such as parent and subsidiary companies affiliated with the named or otherwise responsible entities, and/or that they are somehow otherwise liable for the subject collision and/or Plaintiff's resulting damages. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said defendants and, when the same have been ascertained, to join such defendants in this action together with the proper charging allegations.

5. That at all times pertinent, Defendants were agents, servants, employees, employers, partners, representatives or joint venturers of every other defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, representation or joint venture with knowledge, permission and consent of all other named Defendants and/or otherwise responsible parties.

6. Plaintiff is informed and believes and thereon alleges that Defendant HARVEY, at all times herein relevant, was an employee, authorized agent and/or representative of Defendant FEDEX and was acting within the course and scope of such employment, agency and/or representation at all times herein relevant.

7. The facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

8. This Court has jurisdiction over this matter as this is a civil action arising from an incident that occurred within the County of Clark, State of Nevada involving resident parties, and involves an amount in controversy in excess of the sum of $15,000.00, exclusive of costs and interest.

/ / /

NAQVI INJURY LAW

**GENERAL FACTUAL ALLEGATIONS**

9. That Plaintiff, at all times mentioned herein, was the operator of a 2003 Isuzu owned by Fast Plumbing Service, Inc.

10. That, upon information and belief, at all times mentioned herein, Defendant HARVEY was operating a 2012 Volvo tractor-trailer (hereinafter referred to as the "Vehicle") owned and/or controlled by Defendant FEDEX.

11. That on October 17, 2017, in Clark County, Nevada, Plaintiff was traveling westbound on IR-215 and was stopped for traffic near Las Vegas Boulevard when Defendant HARVEY, who was traveling directly behind Plaintiff, negligently operated the Vehicle and failed to use due care by, among other things, failing to reduce speed, failing to maintain a safe distance and failing to maintain a proper lookout, thereby resulting in Defendant HARVEY crashing into the rear of Plaintiff's vehicle.

12. That Defendant HARVEY negligently caused the collision with Plaintiff's vehicle.

13. Plaintiff is informed, believes, and thereon alleges that Defendant HARVEY, at all times herein relevant, was acting within the course and scope of his employment, agency and/or representation with Defendant FEDEX.

14. That as a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries to including, but not limited to, his neck, back, shoulder, head/brain, bodily limbs, organs and systems, all or some of which conditions are permanent and disabling, and all to his damages in a sum in excess of $15,000.00.

15. That as a direct and proximate result of Defendants' conduct, Plaintiff has been required to, and has limited occupational and recreational activities, which has caused and shall

continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

16. That as a direct and proximate result of Defendants' negligence, Plaintiff's property was damaged.

17. That as a direct and proximate result of Defendants' conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FIRST CAUSE OF ACTION**
**(*Negligence, Respondeat Superior, Negligence Per Se*)**

18. Plaintiffs incorporate paragraphs 1 through 17 of the Complaint as though said paragraphs were fully set forth herein.

19. Defendant HARVEY owed Plaintiff a duty of care to operate the vehicle in a reasonable and safe manner.

20. Defendant HARVEY breached that duty of care by negligently causing the subject collision with Plaintiff's vehicle on the roadway, thereby rendering him liable for causing the subject collision and Plaintiff's resulting damages.

21. The acts of Defendant HARVEY as described herein violated statutes, laws, regulations and ordinances including, but not limited to, those of the State of Nevada, Clark County City of Las Vegas, and Federal Motor Carrier Safety Regulations ("FMCSR") including, but not limited to, Las Vegas Municipal Code ("LVMC") 11.12.080, LVMC 11.22.010, LVMC 11.22.020, Nevada Revised Statute ("NRS") 484B.127, NRS 484B.603, and FMCSR 392.2. Plaintiff is within the class of persons intended to be protected by the statutes, laws, regulations and ordinances that were violated by Defendant HARVEY, and the injuries suffered by Plaintiff are the type against which such statutes, laws,

regulations and ordinances were intended to protect, thereby rendering Defendant HARVEY liable for the subject collision and Plaintiff's resulting damages based on negligence per se.

22. Upon information and belief, at all times relevant herein, Defendant HARVEY was an employee, representative and/or authorized agent of Defendant FEDEX, and was acting within the course and scope of such employment, representation and/or agency. Defendant FEDEX is liable for the negligent acts of its employees, representatives and/or agents, including Defendant HARVEY, under the doctrine of vicarious liability/respondeat superior, thereby rendering Defendant FEDEX vicariously liable for Defendant HARVEY 's acts and omissions surrounding the subject collision and Plaintiff's resulting damages.

23. As a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

24. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**<u>SECOND CAUSE OF ACTION</u>**
**(*Negligent Entrustment*)**

25. Plaintiff incorporates paragraphs 1 through 24 of the Complaint as though said paragraphs were fully set forth herein.

26. Defendant FEDEX, at all times relevant herein, owned the vehicle that Defendant HARVEY was operating at the time of the subject collision and had the right to control said vehicle.

27. Defendant FEDEX owed Plaintiff a duty of ordinary care to entrust the use and possession of the vehicle to a careful driver who was competent to operate said vehicle.

28. Defendant FEDEX subsequently breached the duty of ordinary care by negligently entrusting the use and possession of the vehicle to Defendant HARVEY.

29. Defendant HARVEY subsequently failed to drive safely and obey laws of the State of Nevada, City of Las Vegas, Clark County, and Federal Motor Carrier Safety Regulations when operating the vehicle at the time of the collision and at all other times relevant thereto.




30. As a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

31. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**<u>THIRD CAUSE OF ACTION</u>**
**(*Negligent Hiring*)**

32. Plaintiff incorporates paragraphs 1 through 31 of the Complaint as though said paragraphs were fully set forth herein.

33. Defendant FEDEX owed Plaintiff several duties including, but not limited to, the following:

a. The duty to keep Plaintiff safe from the negligent acts of its employees, agents and representatives;

b. The duty to provide and hire responsible employees, agents and representatives;

c. The duty to implement adequate policies and procedures for hiring employees, agents and representatives; and

d. The duty to conduct reasonable investigations into the backgrounds of its employees, agents and representatives.

34. Upon information and belief, Defendant FEDEX breached these duties by, among other things:

a. Hiring individuals, including Defendant HARVEY, who were not qualified and/or competent for their positions;

b. Failing to conduct a reasonable and thorough investigation into the personal background and employment history of its employees, agents and representatives, including Defendant HARVEY; and

c. Failing to implement adequate policies and/or procedures for hiring employees, agents and representatives, including Defendant HARVEY.

35. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

36. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FOURTH CAUSE OF ACTION**
**(*Negligent Training and Supervision*)**

37. Plaintiff incorporates paragraphs 1 through 36 of the Complaint as though said paragraphs were fully set forth herein.

38. Defendant FEDEX owed Plaintiff the duty to exercise reasonable care in the training and supervision of any and all employees, agents and representatives. This duty required Defendant FEDEX to train and supervise employees, agents and representatives,

NAQVI INJURY LAW

including Defendant HARVEY, to ensure that these employees, agents and representatives acted without negligence.

39. Defendant FEDEX breached this duty when it failed to properly train and supervise employees, agents and representatives, including Defendant HARVEY, whose negligence caused injury to Plaintiff as alleged herein. If Defendant FEDEX had properly trained and supervised employees, agents and representatives, including Defendant HARVEY, this negligence would not have occurred.

40. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

41. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FIFTH CAUSE OF ACTION**
**(*Negligent Retention*)**

42. Plaintiff incorporates paragraphs 1 through 41 of the Complaint as though said paragraphs were fully set forth herein.

43. Defendant FEDEX owed Plaintiff the duty to exercise reasonable care in the retention of employees, agents and representatives.

44. Upon information and belief, Defendant FEDEX breached this duty when it negligently retained employees, agents and representatives, including Defendant HARVEY, even though it knew, or should have known, that these employees, agents and representatives lacked the qualifications and/or competence for their position.

45. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been damaged in an amount in excess of $15,000.00.

46. That as a direct and proximate result of Defendants' subject conduct, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff PHILLIP ELWELL, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray for judgment against all Defendants, and each of them, as follows:




1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;
3. For property damage sustained by Plaintiff;
4. For reasonable attorney's fees and costs;
5. For interest at the statutory rate; and
6. For such other relief as the Court deems just and proper.

DATED this 22nd day of August, 2019.

NAQVI INJURY LAW

By: *_/s/ Paul G. Albright_*

FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
9500 W Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*