FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
NAQVI INJURY LAW
9500 W. Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
paul@naqvilaw.com
*Attorneys for Plaintiff*

J. BRUCE ALVERSON
NEVADA BAR NO. 1339
KARIE N. WILSON
Nevada Bar No. 7957
ALVERSON TAYLOR & SANDERS
6605 Grand Montecito Pkwy., Suite 200
Las Vegas, Nevada 89149
Telephone: (702) 384-7000
Facsimile: (702) 385-7000
kwilson@alversontaylor.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP ELWELL, individually | Case No.:  2:19-cv-01673-APG-NJK |
| Plaintiff, | |
| vs. | |
| GREGORY HARVEY, individually; FEDEX FREIGHT, INC. d/b/a FEDEX FREIGHT d/b/a FEDEX FREIGHT, SLV; and DOES 1 to 100, ROE CORPORATIONS 1 to 100, inclusive, | **JOINT PRETRIAL ORDER** |
| Defendants. | |

The Parties, by and through their undersigned counsel, hereby submit this Joint Pretrial

Order pursuant to LR 16-3.  Following pretrial proceedings in this case, IT IS SO ORDERED:

# I.

## NATURE OF THE ACTION

This is an action arising from a motor vehicle collision that occurred on October 17, 2017, in Clark County, Nevada.  Plaintiff PHILLIP ELWELL ("Plaintiff") alleges he was traveling westbound on Interstate 215 when Defendant GREGORY HARVEY ("Defendant Harvey"), who was also traveling westbound on Interstate 215, directly behind Plaintiff, allegedly operated a tractor-trailer negligently, which resulted in a rear-end collision between Defendant Harvey and Plaintiff, allegedly injuring Plaintiff.  Defendant denies Plaintiff's allegations.  Plaintiff seeks general and special damages arising from the subject collision.

At all times relevant herein Defendant FEDEX FREIGHT, INC. dba FEDEX FREIGHT dba FEDEX FREIGHT, SLV ("Defendant FedEx") owned and/or controlled the 2012 Volvo tractor and trailer operated by Defendant Harvey.  At all times relevant herein, Defendant Harvey was an employee and/or authorized agent of Defendant FedEx Freight, Inc., and was acting within the course and scope of such employment and/or agency, thereby rendering Defendant FedEx Freight, Inc. vicariously liable for Defendant Harvey's negligence, if any.

# II.

## STATEMENT OF JURISDICTION

This case was removed to Federal Court pursuant to 28 U.S.C. §§1441(a) and 1446 based upon diversity jurisdiction under 28 U.S.C. §§1332.  During all times relevant, Plaintiff was and is a resident of Clark County, Nevada.  At the time of filing of this action, Defendant Harvey was a resident of Colorado and Defendant FedEx Freight, Inc. is a foreign corporation doing business in the State of Nevada.  Plaintiff's alleged past medical expenses are $185,211.96.  Plaintiff has

further alleged additional damages on which his experts have rendered calculations, as well as damages for pain and suffering. Thus, the amount in controversy is in excess of $75,000.00.

**III.**

**ADMITTED FACTS**

The following facts are admitted by the parties and require no proof:

1. Defendant Harvey was operating a tractor trailer owned by Defendant FedEx Freight, Inc. at the time of the subject collision;

2. Defendant FedEx Freight, Inc. entrusted the use of the tractor trailer to Defendant Harvey, and Defendant Harvey had Defendant FedEx Freight, Inc.'s permission to operate the tractor trailer at the time of the subject collision;

3. Defendant Harvey was an employee and/or agent of Defendant FedEx Freight, Inc. at the time of the subject collision;

4. Defendant Harvey was acting within the course and scope of his employment with Defendant FedEx Freight, Inc. at all times relevant to the events described in Plaintiff's Complaint; and

5. Defendant FedEx Freight, Inc. is vicariously liable for the alleged acts, omissions and conduct of Defendant Harvey as it pertains to the events described in Plaintiff's Complaint, including alleged negligence that may be attributed to Defendant Harvey through proceedings in this case, if any.

. . .

. . .

. . .

. . .

## IV.

### UNCONTESTED FACTS

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:  None.

## V.

### ISSUES TO BE TRIED

The following are issues of fact to be tried and determined upon trial:

1.      Whether Defendants were negligent;

2.      Whether Plaintiff was comparatively negligent;

3.      Whether the subject collision proximately caused injuries and other damages to Plaintiff;

4.      The reasonable value of special and general damages incurred by Plaintiff as a result of the subject collision;

5.      Whether the medical care and treatment received by Plaintiff was reasonable and necessary as a result of the subject collision;

6.      Whether the medical care and treatment received by Plaintiff was causally related to the subject collision in this litigation;

7.      Whether the claimed future medical care and treatment of Plaintiff is causally related to the subject collision; and

8.      The reasonableness and necessity of medical care and treatment Plaintiff will require in the future as a result of the subject collision, and the cost thereof.

. . .

. . .

**V.**

**ISSUES OF LAW**

The following are issues of law to be tried and determined upon trial:

1.      The amount of negligence, if any, attributable to each party in this litigation; and

2.      Whether the subject collision was the proximate cause of Plaintiff's claimed damages, as well as the extent of said damages.

**VII.**

**EXHIBITS**

A.      The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:  None.

B.      As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:

1.      **Plaintiff's Exhibits and Defendants' Objections thereto:**

| | DESCRIPTION | DEFENDANTS' GROUNDS FOR OBJECTION |
|---|---|---|
| 1. | Plaintiff's Complaint | |
| 2. | Nevada Highway Patrol Traffic Accident Report | |
| 3. | Nevada Department of Public Safety Voluntary Statements | Hearsay |
| 4. | Photographs provided by the Nevada Highway Patrol of the vehicles involved in the subject collision | |
| 5. | Property damage estimate and photographs of Plaintiff's vehicle provided by Spring Mountain Appraisers & Adjusters | |
| 6. | National Safety Council's article titled "Injury Facts 2017 Edition" | Foundation, relevance, authenticity |
| 7. | National Safety Council's report titled "The State of Safety" - 2017 | Foundation, relevance, authenticity |

| 8. | State of Nevada Driver's Handbook – May 2016" | Foundation, relevance, authenticity |
|---|---|---|
| 9. | State of Nevada Driver's Handbook – January 2018 | Foundation, relevance, authenticity |
| 10. | State of Nevada Office of Traffic Safety Annual Report Book for 2017 | Foundation, relevance, authenticity |
| 11. | National Highway Traffic Safety Administration's report titled "Traffic Safety Facts Nevada 2013-2017" | Foundation, relevance, authenticity |
| 12. | National Highway Traffic Safety Administration's article titled "Distracted Driving in Fatal Crashes, 2017" – April 2019 | Foundation, relevance, authenticity |
| 13. | National Highway Traffic Safety Administration's article titled "Police-Reported Motor Vehicle Traffic Crashes in 2017" – April 2019 | Foundation, relevance, authenticity |
| 14. | National Highway Traffic Safety Administration's article titled "2017 State Traffic Data" – August 2019 | Foundation, relevance, authenticity |
| 15. | National Highway Traffic Safety Administration's article titled "Summary of Motor Vehicle Crashes" for 2017 – September 2019 | Foundation, relevance, authenticity |
| 16. | Federal Motor Carrier Safety Administration's report titled "Large Truck and Bus Crash Facts 2017" – March 2019 | Foundation, relevance, authenticity |
| 17. | Federal Motor Carrier Safety Administration's article titled "Commercial Motor Vehicle Traffic Safety Facts" for 2017 – July 2019 | Foundation, relevance, authenticity |
| 18. | National Highway Traffic Safety Administration's article titled "Large Trucks" for 2017 – January 2019 | Foundation, relevance, authenticity |
| 19. | Insurance Institute for Highway Safety's article titled "Large Trucks 2017" – December 2018  https://www.iihs.org/iihs/topics/t/large-trucks/fatalityfacts/large-trucks | Foundation, relevance, authenticity |
| 20. | Audio file of Plaintiff's recorded statement, available for download via the following link until July 27, 2020:  https://www.dropbox.com/sh/417mgrfzk23dduu/AACKuCfIZHzUits2SXWw3V37a?dl=0 | |
| 21. | Custodian of Records Declaration and documents produced by Las Vegas Township Just Court – Traffic Department in response to Plaintiff's Subpoena Duces Tecum request | Citation not admissible under Nevada law; relevance |



| 22. | Custodian of Records Affidavit and documents produced by the Nevada Department of Motor Vehicles in response to Plaintiff's Subpoena Duces Tecum request | Foundation, relevance |
|---|---|---|
| 23. | Custodian of Records Affidavit, body-worn camera footage, dash cam footage, photographs, and documents produced by Nevada Highway Patrol – Southern Command in response to Plaintiff's Subpoena Duces Tecum request, available for download via the following link until July 27, 2020: https://www.dropbox.com/sh/417mgrfzk23dduu/AACKuCfIZHzUits2SXWw3V37a?dl=0 | |
| 24. | Documents produced by Superior Court of California, County of San Bernardino, in response to Plaintiff's Subpoena Duces Tecum request | Relevance |
| 25. | North American Spine Society website printout | Foundation, authenticity |
| 26. | North American Spine Society 2021 Application for Membership | Foundation, authenticity |
| 27. | Surgical cost letter authored by G. Michael Elkanich, M.D. | Foundation, relevance, authenticity |
| 28. | Deposition transcript of C.E. "Ted" Bain, BEng, M.D., CCFP (EM) taken on September 13, 2004, relating to *Bowdre v. Ford Motor Company*, Case 24-356 | Foundation, relevance |
| 29. | Deposition transcript of C.E. "Ted" Bain, BEng, M.D., CCFP (EM) taken on February 29, 2005, relating to *Blainey v. United Airlines, Inc.*, Case No. 04-PC-334 | Foundation, relevance |
| 30. | Deposition transcript of C.E. "Ted" Bain, BEng, M.D., CCFP (EM) taken on March 17, 2006, relating to *Hernandez v. Travelways, Inc.*, Case No. 03-21274 | Foundation, relevance |
| 31. | Deposition transcript of C.E. "Ted" Bain, BEng, M.D., CCFP (EM) taken on March 28, 2006, relating to *Camacho v. W.D. Hardcastle and Greenwich, Inc.*, Case No. 2005-CI-09472 | Foundation, relevance |
| 32. | Deposition transcript of C.E. "Ted" Bain, BEng, M.D., CCFP (EM) taken on September 19, 2006, relating to *Eubanks v. Cottrell, Inc.*, Case No. 4:05-CV-01361-DDN | Foundation, relevance |

| 33. | Deposition transcript of C.E. "Ted" Bain, BEng, M.D., CCFP (EM) taken on January 4, 2007, relating to *Frazier v. Daleen*, Case No. 06-CV-00620 | Foundation, relevance |
|---|---|---|
| 34. | Deposition transcript of C.E. "Ted" Bain, BEng, M.D., CCFP (EM) taken on January 19, 2011, relating to *Campo v. Cooper Tire & Rubber Company*, Case No. 2008CA012305XXXXMBAN | Foundation, relevance |
| 35. | Deposition transcript of C.E. "Ted" Bain, BEng, M.D., CCFP (EM) taken on April 28, 2014, relating to *Dolci v. ACE Transportation, LLC* Case No. D100291-C | Foundation, relevance |
| 36. | Deposition transcript of C.E. "Ted" Bain, BEng, M.D., CCFP (EM) taken on May 3, 2016, relating to *Parker v. NGM Insurance Company,* Case No. 2:15-CV-2123 | Foundation, relevance |
| 37. | Defendant FedEx Freight, Inc.'s Answer to Plaintiff's Complaint | |
| 38. | Defendant Gregory Harvey's Answer to Plaintiff's Complaint and Jury Demand | |
| 39. | Curriculum vitae and fee schedules for Plaintiff's disclosed treating providers | Hearsay |
| 40. | Curriculum vitae, fee schedule, and testimony history of Thomas Dunn, M.D. | Hearsay |
| 41. | Expert reports, and supplements thereto, drafted by Thomas Dunn, M.D. | Hearsay |
| 42. | Curriculum vitae, fee schedule, and testimony history of Robert G. Berry, M.D. | Hearsay |
| 43. | Expert reports, and supplements thereto, drafted by Robert G. Berry, M.D. | Hearsay |
| 44. | Curriculum vitae, fee schedule, and testimony history of Valentina Ngai, Ph.D., P. Eng. | Hearsay |
| 45. | Expert reports, and supplements thereto, drafted by Valentina Ngai, Ph.D., P. Eng. | Hearsay |
| 46. | Curriculum vitae, fee schedule, and testimony history of Roland D. Hoover | Hearsay |
| 47. | Expert reports, and supplements thereto, drafted by Roland D. Hoover | Hearsay |
| 48. | Curriculum vitae, fee schedule, and testimony history of Terrence M. Clauretie, Ph.D. | Hearsay |

| 49. | Expert reports, and supplements thereto, drafted by Terrence M. Clauretie, Ph.D. | Hearsay |
|---|---|---|
| 50. | Defendants' responses to written discovery | Hearsay, relevance |
| 51. | Dashcam video to the subject incident | |
| 52. | FedEx Freight Written Event Summary | |
| 53. | Nevada Highway Patrol Accident Information Exchange | |
| 54. | Nevada Highway Patrol Citation dated October 17, 2017 | Citation not admissible under Nevada law; relevance |
| 55. | Employment records from Fast Plumbing Services regarding Plaintiff | |
| 56. | FedEx Freight Inspection Details, dated October 17, 2017 | |
| 57. | FedEx Freight Accident Report, dated October 17, 2017 | |
| 58. | FedEx Freight's Claims Notes | Relevance; reference to insurance |
| 59. | Photographs produced by FedEx Freight CL FILE 000125 - 000143 | |
| 60. | GPS Data for Defendant Harvey produced by Defendant FedEx | |
| 61. | Defendant Harvey's Employment File | Relevance |
| 62. | Defendant Harvey's Driver Qualification File | Relevance |
| 63. | Maintenance Records for the Subject Tractor Trailer | Relevance |
| 64. | FedEx Freight Driver Manual | Relevance |
| 65. | FedEx Freight Driver Employee Expectations (City and Road) | Relevance |
| 66. | FedEx Freight General Fleet Facts and tractor trailer dimensions | Relevance |
| 67. | Trailer Manifest | Relevance |

| 68. | Gregory Harvey Route Maps for 10/16/17 – 10/17/17 | |
|---|---|---|
| 69. | FedEx Freight Training Materials (produced as Exhibits A-D in Defendant FedEx Freight's Responses to Plaintiff's Third Set of Requests for Production) | Relevance |
| 70. | Smith System DVD, Pamphlet, and Training Materials | Relevance |
| 71. | Education Transcript | Relevance |
| 72. | Mark Rosen, M.D.'s initial report and all supplements thereto | Hearsay |
| 73. | Mark Rosen, M.D.'s curriculum vitae, fee schedule, complete expert file, and testimony history | Hearsay |
| 74. | Plaintiff's medical and billing records from Active Body Chiropractic | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident before said records are admissible |
| 75. | Plaintiff's medical and billing records from Las Vegas Radiology c/o Canyon Medical Billing, LLC | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident before said records are admissible |
| 76. | Plaintiff's medical and billing records from Western Regional Center for Brain & Spine Surgery | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |
| 77. | Plaintiff's medical and billing records from Advanced Orthopedics & Sports Medicine | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |
| 78. | Plaintiff's medical and billing records from Valley Hospital Medical Center c/o DCP Holdings, LLC | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |

| 79. | Plaintiff's medical and billing records from Desert Radiology | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |
|---|---|---|
| 80. | Plaintiff's medical and billing records from Aurora Diagnostics LMC Pathology Services | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |
| 81. | Plaintiff's medical and billing records from Las Vegas Neurosurgical Institute Center for Spine and Brain Surgery | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |
| 82. | Plaintiff's medical and billing records from Monitoring Associates s/o DCP Holdings, LLC | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |
| 83. | Plaintiff's medical and billing records from Neuromonitoring Associates c/o DCP Holdings, LLC | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |
| 84. | Plaintiff's medical and billing records from Surgical Anesthesia Services, LLP | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |
| 85. | Plaintiff's medical and billing records from Suditi | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |
| 86. | Plaintiff's medical and billing records from Dura Medic, LLC | Plaintiff must establish that all medical and billing records are reasonable, necessary and causally related to the subject incident, before said records are admissible |

Plaintiff reserves his right to object to the aforementioned exhibits or portions thereof.

Subject to any sustained objections, orders on motions in limine and stipulations entered into by



the parties, Plaintiff reserves the right to use any and all writings, published works, journals, treatises, medical texts, affidavits, films, drawings, graphs, charts, photographs, reports, computer tapes, computer discs, and other data compilations, and other medical reference materials which Plaintiff, Plaintiff's treating physicians, and/or Plaintiff's experts use in support of Plaintiff's allegations.  Plaintiff further reserves the right to offer documents produced by any party in which experts and/or treating physicians have reviewed and formed an opinion based on each document including, but not limited to, reports, pleadings, correspondence, notes, photographs, videos, measurements, literature, as well as medical records and billing.  Plaintiff's treating providers may utilize any and all writings, published works, journals, treatises, medical texts, affidavits, films, drawings, graphs, charts, photographs, reports, computer tapes, computer discs, and other data compilations, and other medical reference materials which Plaintiff and/or Plaintiff's treating physicians use in support of Plaintiff's allegations, and/or those referenced by Defendants' experts.

Subject to any sustained objections, orders on motions in limine, and stipulations entered into by the parties, Plaintiff reserves the right to use reports, affidavits and corresponding documentation, supplements, job files, *curriculum vitae*, lists of prior testimony, fee schedules, billings statements, models, charts, diagrams, literature, and other relevant documents of Plaintiff's treating providers, Plaintiff's experts, and Defendants' experts.

Subject to any sustained objections, orders on motions in limine, and stipulations entered into by the parties, deposition transcripts and/or videotapes may be used as needed for rebuttal, impeachment, and to refresh recollection.  Deposition transcripts and/or videotapes may also be used for direct examination if the witness is unavailable at the time of trial.  Plaintiff reserves

the right to use exhibits attached to deposition transcripts.  Such deposition transcripts and/or videotapes include any depositions taken in this matter.

Subject to any sustained objections, orders on motions in limine, and stipulations entered into by the parties, Plaintiff reserves the right to use exhibits disclosed and/or offered by any party in this matter, including Defendants, at the time of trial.  Such documents may include all parties' NRCP 16.1 disclosures and discovery responses, as well as documents or tangible things itemized or referenced therein and/or attached thereto, whether in hard copy, on CD, or otherwise.

Subject to any sustained objections, orders on motions in limine, and stipulations entered into by the parties, Plaintiff reserves the right to use any and all documents needed for rebuttal or impeachment including, but not limited to, all discovery obtained during the course of litigation as permitted, pleadings, and other documentation in accordance with admissible evidence.

Subject to any sustained objections, orders on motions in limine, and stipulations entered into by the parties, Plaintiff reserves the right to utilize any and all documents produced by Defendants, and further reserve the right to add, delete or amend Plaintiff's exhibits as may become necessary prior to the trial of this case.  Plaintiff reserves the right to object to the admission of the foregoing and any other exhibits offered by Defendants.

In addition to the above objections:

a.      Plaintiff reserves the right to make further objections regarding Defendants' proposed exhibits, including objections under FRCP 402, FRCP 403 and the collateral source rule;

b.      Plaintiff further objects to the extent that any exhibits involve matters in violation of any orders of the Court;

c.     Plaintiff objects to Defendants' use of deposition transcripts at the time of trial other than for witnesses who are not available, to refresh recollection, or to impeach;

d.     Plaintiff reserves all objections to Defendants' proposed trial exhibits other than those to be admitted into evidence by stipulation;

e.     Plaintiff reserves the right to supplement or amend his objections as exhibits are introduced and to the extent that additional documents/exhibits, if any, are identified;

f.     Plaintiff objects to all disclosures which are not properly authenticated at the time of trial;

g.     Plaintiff objects to each of Defendants' disclosures to the extent that those disclosures contain impermissible hearsay, are irrelevant, are not properly identified, are duplicative, are more prejudicial than probative, contain impermissible character evidence and/or have the tendency to mislead or confuse the jury;

h.     Plaintiff objects to Defendants' designation of all expert witness reports as trial exhibits as expert witness reports are improper exhibits for submission to the jury;

i.     Plaintiff reserves the right to make further objections to Defendants' proposed exhibits and witnesses at the time of trial, including all permissible objections based on the Federal Rules of Civil Procedure, United States District Court District of Nevada Local Rules of Practice, and Federal Rules of Evidence; and

j.     Plaintiff does not waive the right to use or offer any of the foregoing evidence by virtue of the stated objections.  Plaintiff reserves the right to present the aforementioned evidence at the time of trial for permissible and admissible purposes.

   **2.     Defendants' List of Exhibits and Plaintiff's Objections thereto:**

| DESCRIPTION | PLAINTIFF'S |
|---|---|



| | | GROUNDS FOR OBJECTION |
|---|---|---|
| 1. | Audio file of Plaintiff's recorded statement | Plaintiff objects as to authenticity, foundation, and to the extent information is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, does not fairly and accurately depict the incident at issue, contains impermissible hearsay, and to the extent these items are otherwise excluded by the Court. |
| 2. | Audio recording obtained during the May 27, 2020 Independent Medical Examination of Plaintiff | Plaintiff objects as to authenticity, foundation, and to the extent information is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, does not fairly and accurately depict the incident at issue, contains impermissible hearsay, and to the extent these items are otherwise excluded by the Court. |
| 3. | Commercial Driver's License for Gregory Harvey | Plaintiffs object only to the extent the information is confusing, misleading, poses a risk of unfair prejudice, based on impermissible hearsay, or concerns matters excluded by the Court. |
| 4. | Dashcam video of the subject incident | Plaintiff objects as to authenticity, foundation, and to the extent information is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, does not fairly and accurately depict the incident at issue, contains impermissible hearsay, and to the extent these items are otherwise excluded by the Court. |
| 5. | FedEx Freight Accident Report | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 6. | FedEx Freight Inspection Details | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice,  based on |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| | | impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
|---|---|---|
| 7. | FedEx Freight Written Event Summary | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice,  based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 8. | GPS data | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 9. | Gregory Harvey Route Maps for 10/16/17 – 10/17/17 | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 10. | Hunter Investigative Group surveillance materials regarding Plaintiff Phillip Elwell | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible |



| | | conclusions. |
|---|---|---|
| 11. | Incident Video, subject to the Stipulated Protective Order entered on December 13, 2019 | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay. |
| 12. | Nevada Department of Public Safety Voluntary Statements | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 13. | Nevada Highway Patrol Accident Information Exchange | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay. |
| 14. | Nevada Highway Patrol materials obtained in response to Subpoena Duces Tecum | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 15. | Nevada Highway Patrol – Southern Command Custodian of Records Affidavit, body-worn camera footage, dash cam footage, photographs, and documents produced by in response to Plaintiff's Subpoena Duces Tecum request | Plaintiff objects as to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 16. | Photographs taken by the Nevada Highway Patrol of the vehicles involved in the subject collision | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses |



| | | |
|---|---|---|
| | | a danger of unfair prejudice, based on impermissible hearsay. |
| 17. | Property damage estimate and photographs for Plaintiff's vehicle taken by Spring Mountain Appraisers & Adjusters | Plaintiff objects as to authenticity, foundation, and to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay. |
| 18. | Active Body Chiropractic radiology images | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay. |
| 19. | Active Body Chiropractic medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 20. | Active Body Chiropractic completed patient documents | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 21. | Advanced Orthopedics & Sports Medicine radiology images | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 22. | Advanced Orthopedics & Sports Medicine medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified |



| | | medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
|---|---|---|
| 23. | Canyon Medical Billing/Las Vegas Radiology medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay. |
| 24. | Desert Radiology medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay. |
| 25. | Dura Medic records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 26. | Las Vegas Neurosurgical Institute Center for Spine and Brain Surgery medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 27. | Las Vegas Radiology medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 28. | Las Vegas Radiology images | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on |



| | | impermissible hearsay. |
|---|---|---|
| 29. | Monitoring Associates medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 30. | Neuromonitoring Associates medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 31. | Suditi medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 32. | Valley Hospital Medical Center radiology images for 06/26/2018 through 06/29/2018 | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay. |
| 33. | Valley Hospital Medical Center medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
| 34. | Western Regional Center for Brain & Spine Surgery medical records | Plaintiff objects to the extent information within said document is irrelevant, misleading, confusion of the issues, poses |

| | | a danger of unfair prejudice, based on impermissible hearsay, unqualified medical opinions, opinions requiring expert knowledge, impermissible speculative opinions, and impermissible conclusions. |
|---|---|---|

Defendants reserve their right to object to the aforementioned exhibits or portions thereof at the time of trial based on relevance, hearsay, or lack of foundation.  Subject to any sustained objections, orders on motions in limine and stipulations entered into by the parties, Defendants reserve the right to use any and all writings, published works, journals, treatises, medical texts, affidavits, films, drawings, graphs, charts, photographs, reports, computer tapes, computer discs, and other data compilations, and other medical reference materials which Defendants, Plaintiff's treating physicians, and/or Defendants' experts use in support of Defendants' defenses. Defendants further reserve the right to offer documents produced by any party in which experts and/or treating physicians have reviewed and formed an opinion based on each document including, but not limited to, reports, pleadings, correspondence, notes, photographs, videos, measurements, literature, as well as medical records and billing.  Defendants' may utilize any and all writings, published works, journals, treatises, medical texts, affidavits, films, drawings, graphs, charts, photographs, reports, computer tapes, computer discs, and other data compilations, and other medical reference materials referenced by their experts.

Subject to any sustained objections, orders on motions in limine, and stipulations entered into by the parties, Defendants reserve the right to use reports, affidavits and corresponding documentation, supplements, job files, curriculum vitae, lists of prior testimony, fee schedules, billings statements, models, charts, diagrams, literature, and other relevant documents of Plaintiff's treating providers, Plaintiff's experts, and Defendants' experts.

Subject to any sustained objections, orders on motions in limine, and stipulations entered into by the parties, deposition transcripts and/or videotapes may be used as needed for rebuttal, impeachment, and to refresh recollection.  Deposition transcripts and/or videotapes may also be used for direct examination if the witness is unavailable at the time of trial.  Defendants reserve the right to use exhibits attached to deposition transcripts.  Such deposition transcripts and/or videotapes include any depositions taken in this matter.

Subject to any sustained objections, orders on motions in limine, and stipulations entered into by the parties, Defendants reserve the right to use exhibits disclosed and/or offered by any party in this matter, including Plaintiff, at the time of trial.  Such documents may include all parties' NRCP 16.1 disclosures and discovery responses, as well as documents or tangible things itemized or referenced therein and/or attached thereto, whether in hard copy, on CD, or otherwise.

Subject to any sustained objections, orders on motions in limine, and stipulations entered into by the parties, Defendants reserve the right to use any and all documents needed for rebuttal or impeachment including, but not limited to, all discovery obtained during the course of litigation as permitted, pleadings, and other documentation in accordance with admissible evidence.

Subject to any sustained objections, orders on motions in limine, and stipulations entered into by the parties, Defendants reserve the right to utilize any and all documents produced by Plaintiff, and further reserve the right to add, delete or amend Defendants' exhibits as may become necessary prior to the trial of this case.  Defendants reserve the right to object to the admission of the foregoing and any other exhibits offered by Plaintiffs.

In addition to the above objections:

k.      Defendants reserve the right to make further objections regarding Plaintiff's proposed exhibits, including objections under FRCP 402, FRCP 403 and the collateral source rule;

l.      Defendants further object to the extent that any exhibits involve matters in violation of any orders of the Court;

m.     Defendants object to Plaintiff's use of deposition transcripts at the time of trial other than for witnesses who are not available, to refresh recollection, or to impeach;

n.      Defendants reserve all objections to Plaintiff's proposed trial exhibits other than those to be admitted into evidence by stipulation;

o.      Defendants reserve the right to supplement or amend his objections as exhibits are introduced and to the extent that additional documents/exhibits, if any, are identified;

p.      Defendants object to all disclosures which are not properly authenticated at the time of trial;

q.      Defendants object to each of Plaintiff's disclosures to the extent that those disclosures contain impermissible hearsay, are irrelevant, are not properly identified, are duplicative, are more prejudicial than probative, contain impermissible character evidence and/or have the tendency to mislead or confuse the jury;

r.      Defendants object to Plaintiff's designations of all expert witness reports as trial exhibits as expert witness reports are improper exhibits for submission to the jury;

s.      Defendants reserve the right to make further objections to Plaintiff's proposed exhibits and witnesses at the time of trial, including all permissible objections based on the Federal Rules of Civil Procedure, United States District Court District of Nevada Local Rules of Practice, and Federal Rules of Evidence; and

t.      Defendants do not waive the right to use or offer any of the foregoing evidence by virtue of the stated objections.  Defendants reserve the right to present the aforementioned evidence at the time of trial for permissible and admissible purposes.

### 3.      Demonstrative Exhibits

The parties reserve all appropriate objections to demonstrative exhibits for the time of trial.

### C.      Evidence in Electronic Format

The parties intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Although it is not known at this time which exhibits will be electronically presented, the parties stipulate that they will provide discovery in an electronic format compatible with the Court's electronic jury evidence display system.  The parties stipulate that they will contact the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system.

### D.      Depositions

**Plaintiff will offer the following depositions:** Plaintiff does not intend to read any depositions into the record at this time, but reserves the right to use depositions due to deponent unavailability, to refresh recollection and/or to impeach.  The depositions in this matter include the following:

1.      Plaintiff Phillip Elwell;

2.      Defendant Gregory Harvey;

3.      Defendants FedEx Freight, Inc. 30(b)(6) designee, Nicholas Gilmour;

4.      Mark J. Rosen, M.D.;

5.      Valentina Ngai, Ph.D., P. Eng.;

6.      Jason E. Garber, M.D.;

7. Robert G. Berry, M.D.;

8. Roland D. Hoover; and

9. Timothy Trainor, M.D.

**Defendants will offer the following depositions:** Defendants do not intend to read any depositions into the record at this time, but reserve the right to use depositions due to deponent unavailability, to refresh recollection and/or to impeach. The depositions in this matter include the following:

1. Plaintiff Phillip Elwell;

2. Defendant Gregory Harvey;

3. Defendants FedEx Freight, Inc.'s 30(b)(6) designee, Nicholas Gilmour;

4. Mark J. Rosen, M.D.;

5. Valentina Ngai, Ph.D., P. Eng.;

6. Jason E. Garber, M.D.;

7. Robert G. Berry, M.D.;

8. Roland D. Hoover; and

9. Timothy Trainor, M.D.

**E.    Objections to Depositions**

**Plaintiff objects to Defendants' depositions as follows:** Plaintiff objects to Defendants' use of deposition transcripts for anything other than unavailability of a witness, impeachment, and to refresh recollection.

**Defendants object to Plaintiff's depositions as follows:** Defendants object to Plaintiff's use of deposition transcripts for anything other than unavailability of a witness, impeachment, and to refresh recollection.

## VIII.

## DEMONSTRATIVE EVIDENCE

**A.      Plaintiff's Demonstrative Evidence:**

Subject to any objections, orders on motions in limine, and stipulations entered into by the parties, Plaintiff may offer at trial certain exhibits for demonstrative purposes, including, but not limited to, the following:

1.      Power point and/or other computer program used for presenting, expanding, blowing-up, or zooming in on any video, images, documents, animations, graphics and any other exhibits included herein;

2.      Computer simulation, finite element analysis, and similar forms of computer visualization;

3.      Video, storyboard and/or power point images, blow ups and/or transparencies of exhibits;

4.      Diagrams and/or models of the human body, specifically related to Plaintiff's injuries;

5.      Surgical timeline;

6.      Medical treatment timeline;

7.      Future medical timeline;

8.      Photographs of the parties and other witnesses;

9.      Chart depicting Plaintiff's medical specials;

10.      Samples of hardware such as, but not limited to, any hardware related to Plaintiff's injuries and surgeries;

11.      Items used to demonstrate and/or reenact Plaintiff's injuries;

12. Photographs and videos of surgical procedures and other diagnostic tests;

13. Actual diagnostic studies;

14. Samples of tools, plates, screws and equipment used in the surgery that was performed and/or is recommended to be performed on Plaintiff;

15. Diagrams, drawings, pictures, photos, film, video, DVD and CD ROM of various parts of the human body, diagnostic tests and surgical procedures;

16. Power point, images, drawings, diagrams, animations, Google Maps and/or storyboards of the parties involved, the location of the subject incident, and/or reenactments of the incident at issue;

17. All radiology films, x-rays, MRI, CT-scans, videos and diagnostic testing/documentation taken in connection with the care and treatment rendered to Plaintiff as a result of the subject incident including, but not limited to, all films; and

18. Plaintiff reserves the right to introduce any exhibits produced or referenced by Defendants, assuming the proper evidentiary foundation is laid, including, but not limited to:

a. All pleadings, including, but not limited to, the Complaint, Answers, and amendments to all of the foregoing;

b. All parties' 16.1 Disclosures and Discovery responses, as well as documents or tangible things itemized or referenced therein and/or attached thereto, whether in hard copy, on CD, or otherwise;

c. All deposition transcripts, CDs, videotapes or digital recordings taken at such depositions, all exhibits attached thereto, and all documents or tangible things referenced therein;

d.      All other records obtained from any party or any third-party person or entity;

e.      All medical, employment, educational, disability, financial or other records regarding Plaintiff prior to, during, or subsequent to the event at issue;

f.      All statements or reports of any witness, and all exhibits or other documentary evidence attached to or referenced in any such statement, report, or other document or tangible thing;

g.      All experts' files, reports, curricula vitae, supplements, addendums, fee schedules, billing statements, models, charts, diagrams, literature, and prior deposition, trial or other testimony; and

h.      Any other documentary evidence or tangible thing or exhibit discovered during the course of this litigation or disclosed by any other party, regardless of whether that party attempts to delist it or fails to use it at time of trial.

**B.      Defendants' Demonstrative Evidence:**

Subject to any objections, orders on motions in limine, and stipulations entered into by the parties, Defendants may offer at trial certain exhibits for demonstrative purposes, including, but not limited to, the following:

1.      Power point and/or other computer program used for presenting, expanding, blowing-up, or zooming in on any video, images, documents, animations, graphics and any other exhibits included herein;

2.      Computer simulation, finite element analysis, and similar forms of computer visualization;



3.    Video, storyboard and/or power point images, blow ups and/or transparencies of exhibits;

4.    Diagrams and/or models of the human body, specifically related to Plaintiff's injuries;

5.    Surgical timeline;

6.    Medical treatment timeline;

7.    Future medical timeline;

8.    Photographs of the parties and other witnesses;

9.    Chart depicting Plaintiff's medical specials;

10.    Samples of hardware such as, but not limited to, any hardware related to Plaintiff's injuries and surgeries;

11.    Items used to demonstrate and/or reenact Plaintiff's injuries;

12.    Photographs and videos of surgical procedures and other diagnostic tests;

13.    Actual diagnostic studies;

14.    Samples of tools, plates, screws and equipment used in the surgery that was performed and/or is recommended to be performed on Plaintiff;

15.    Diagrams, drawings, pictures, photos, film, video, DVD and CD ROM of various parts of the human body, diagnostic tests and surgical procedures;

16.    Power point, images, drawings, diagrams, animations, Googlemaps and/or storyboards of the parties involved, the location of the subject incident, and/or reenactments of the incident at issue;

17.   All radiology films, x-rays, MRI, CT-scans, videos and diagnostic testing/documentation taken in connection with the care and treatment rendered to Plaintiff as a result of the subject incident including, but not limited to, all films; and

18.   Defendants reserve the right to introduce any exhibits produced or referenced by Plaintiff, assuming the proper evidentiary foundation is laid, including, but not limited to:

a.   All pleadings, including, but not limited to, the Complaint, Answers, and amendments to all of the foregoing;

b.   All parties' 16.1 Disclosures and Discovery responses, as well as documents or tangible things itemized or referenced therein and/or attached thereto, whether in hard copy, on CD, or otherwise;

c.   All deposition transcripts, CDs, videotapes or digital recordings taken at such depositions, all exhibits attached thereto, and all documents or tangible things referenced therein;

d.   All other records obtained from any party or any third-party person or entity;

e.   All medical, employment, educational, disability, financial or other records regarding Plaintiff prior to, during, or subsequent to the event at issue;

f.   All statements or reports of any witness, and all exhibits or other documentary evidence attached to or referenced in any such statement, report, or other document or tangible thing;

g.   All experts' files, reports, curricula vitae, supplements, addendums, fee schedules, billing statements, models, charts, diagrams, literature, and prior deposition, trial or other testimony; and

h.      Any other documentary evidence or tangible thing or exhibit discovered during the course of this litigation or disclosed by any other party, regardless of whether that party attempts to delist it or fails to use it at time of trial.

## IX.

## <u>WITNESSES</u>

The following witnesses may be called upon by the parties at trial:

**Plaintiff's witnesses:**

a.      Phillip Elwell
c/o Farhan R. Naqvi, Esq., and
Paul G. Albright, Esq.
NAQVI INJURY LAW
9500 West Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000

b.      Gregory Harvey
c/o J. Bruce Alverson, Esq., and
Karie N. Wilson, Esq.
ALVERSON TAYLOR & SANDERS
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
Telephone: (702) 384-7000

c.      30(b)(6) Designee(s) and/or Person(s) Most Knowledgeable of
FedEx Freight, Inc.
c/o J. Bruce Alverson, Esq., and
Karie N. Wilson, Esq.
ALVERSON TAYLOR & SANDERS
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
Telephone: (702) 384-7000

d.      Trooper Toone
ID. No. H6719
Nevada Highway Patrol
4615 West Sunset Road
Las Vegas, Nevada 89118
Telephone: (702) 486-4110

e.    Sergeant Silvio Diaz
      Nevada Highway Patrol
      4615 West Sunset Road
      Las Vegas, Nevada 89118
      Telephone: (702) 486-4110

f.    Arthur "Artie" Kaye, Appraiser for
      Spring Mountain Appraisers & Adjusters
      P.O. Box 81704
      Las Vegas, Nevada 89180
      Telephone: (702) 253-0400

g.    Person(s) Most Knowledgeable and/or
      Custodian of Records for
      Spring Mountain Appraisers & Adjusters
      P.O. Box 81704
      Las Vegas, Nevada 89180
      Telephone: (702) 253-0400

h.    Cal Hinebanch
      4505 Hacienda Avenue, Unit C
      Las Vegas, Nevada 89118
      Telephone: (702) 873-5500

i.    Nicholas Gilmour, Person Most Knowledgeable of
      FedEx Freight, Inc. d/b/a FedEx Freight d/b/a FedEx Freight, SLV
      c/o J. Bruce Alverson, Esq., and
      Karie N. Wilson, Esq.
      ALVERSON TAYLOR & SANDERS
      6605 Grand Montecito Parkway, Suite 200
      Las Vegas, Nevada 89149
      Telephone: (702) 384-7000

j.    Joedee McCullough
      FedEx Freight, Inc. d/b/a FedEx Freight d/b/a FedEx Freight, SLV
      c/o J. Bruce Alverson, Esq., and
      Karie N. Wilson, Esq.
      ALVERSON TAYLOR & SANDERS
      6605 Grand Montecito Parkway, Suite 200
      Las Vegas, Nevada 89149
      Telephone: (702) 384-7000

k.    Patrick Langin Adjuster for
      Employers Mutual Casualty Company

P.O. Box 5760
Peoria, Arizona 85385
Telephone: (623) 760-1500

l.      Las Vegas Justice Township Justice Court
        Traffic Department
        Person(s) Most Knowledgeable and/or
        Custodian of Records
        200 Lewis Avenue
        1st Floor – Regional Justice Center
        Las Vegas, Nevada 89101
        Telephone: (702) 671-3478

m.      Nevada Department of Motor Vehicles
        Laura P. Peralta, and/or
        Person(s) Most Knowledgeable and/or
        Custodian of Records
        555 Wright Way
        Carson City, Nevada 89711
        Telephone: (775) 684-4590

n.      Nevada Highway Patrol – Southern Command
        Sandy Nelson, and/or
        Person(s) Most Knowledgeable and/or
        Custodian of Records
        4615 West Sunset Road
        Las Vegas, Nevada 89118
        Telephone: (702) 432-5389

o.      Superior Court of California
        County of San Bernardino
        Person Most Knowledgeable and/or
        Custodian of Records
        247 West Third Street
        San Bernardino, California 92415
        Telephone: (909) 384-1888

p.      Dave Rocco, Supervisor
        c/o J. Bruce Alverson, Esq., and
        Karie N. Wilson, Esq.
        ALVERSON TAYLOR & SANDERS
        6605 Grand Montecito Parkway, Suite 200
        Las Vegas, Nevada 89149
        Telephone: (702) 384-7000

q.      Mark J. Rosen, M.D.
        Bone & Joint Specialists

1    2020 Palomino Lane, Suite 1100
     Las Vegas, Nevada 89106
2    Telephone: (702) 474-7200

3    r.    G. Michael Elkanich, M.D.
           Bone & Joint Specialists
4          2020 Palomino Lane, Suite 1100
5          Las Vegas, Nevada 89106
           Telephone: (702) 474-7200
6
7    s.    Active Body Chiropractic
           Cade L. Smith, D.C., and/or
8          Glen Cochrane, D.C. and/or
9          Danial Brennan, D.C., and/or
           Jesse G. Imber, LMT, and/or
10         Person Most Knowledgeable and/or
           Custodian of Records
11         8945 West Post Road, Suite 105
12         Las Vegas, Nevada 89148
           Telephone: (702) 254-1222
13
14   t.    Las Vegas Radiology
           Bhuvana P. Kittusamy, M.D., and/or
15         Person Most Knowledgeable and/or
           Custodian of Records
16         7500 Smoke Ranch Road, Suite 100
17         Las Vegas, Nevada 89128
           Telephone: (702) 254-5004
18
19   u.    Western Regional Center For Brain & Spine Surgery
           Jason E. Garber, M.D., and/or
20         Person Most Knowledgeable and/or
           Custodian of Records
21         2471 Professional Court
22         Las Vegas, Nevada 89128
           Telephone: (702) 835-0088
23
24   v.    Advanced Orthopedics & Sports Medicine
           Timothy J. Trainor, M.D., and/or
25         Maria-Elena Pierro, PA-C and/or
           Adam W. Range, PA-C, and/or
26         Person Most Knowledgeable and/or
           Custodian of Records
27         7195 Advanced Way
           Las Vegas, Nevada 89113
28

Telephone: (702) 740-5327

w.     Valley Hospital Medical Center
       Jason E. Garber, M.D., and/or
       Mohi E. Alkadri, M.D., and/or
       Eric Moldestad, M.D., and/or
       Noel S. Yumiaco, M.D., and/or
       Morton Hyson, M.D., and/or
       Bruce T. Burnett, M.D., and/or
       Shahrokh Assemi, M.D., and/or
       Sujay L. Patel, D.O., and/or
       Dustin Van Orman, PA-C, and/or
       Jennifer Westmorelard, PA-C, and/or
       Dominga Colon, RN, and/or
       Sheree McLafferty, B.S., CNIM, and/or
       Brandon Sok, RN, and/or
       Ryan Howard, PT, and/or
       Pamela Morales, OT, and/or
       Person Most Knowledgeable and/or
       Custodian of Records
       620 Shadow Lane
       Las Vegas, Nevada 89106
       Telephone: (702) 894-5700

x.     Desert Radiology
       Eric Moldestad, M.D., and/or
       Person Most Knowledgeable and/or
       Custodian of Records
       P.O. Box 3057
       Indianapolis, Indiana 46206
       Telephone: (888) 727-1074

y.     Aurora Diagnostics LMC Pathology Services
       Noel S. Yumiaco M.D., and/or
       Person Most Knowledgeable and/or Custodian of Records
       7455 West Washington Avenue, Suite 301
       Las Vegas, Nevada 89128
       Telephone: (702) 732-3441

z.     Las Vegas Neurosurgical Institute
       Center for Spine and Brain Surgery
       Jason E. Garber, M.D., and/or
       Dustin Van Orman, PA-C, and/or
       Person Most Knowledgeable and/or
       Custodian of Records
       3012 South Durango Drive

1

Las Vegas, Nevada 89117
Telephone: (702) 835-0088

2

3      aa.    Monitoring Associates
              Morton Hyson, M.D., and/or
4             Sheree McLafferty, B.S., C.N.I.M., and/or
              Bruce T. Burnett, M.D., and/or
5             Person Most Knowledgeable and/or
              Custodian of Records
6             9811 West Charleston Boulevard, Suite 2-641
              Las Vegas, Nevada 89117
7             Telephone: (800) 310-7334

8

9      bb.    Neuromonitoring Associates
              Sheree McLafferty, B.S., C.N.I.M., and/or
10            Morton Hyson, M.D., and/or
              Bruce T. Burnett, M.D., and/or
11            Person Most Knowledgeable and/or
              Custodian of Records
12            9811 West Charleston Boulevard, Suite 2-641
              Las Vegas, Nevada 89117
13            Telephone: (800) 310-7334

14

15     cc.    Surgical Anesthesia Services, LLP
              Bruce T. Burnett, M.D., and/or
16            Person Most Knowledgeable and/or
              Custodian of Records
17            8400 West Lake Mead Boulevard, Suite 202
              Las Vegas, Nevada 89128
18            Telephone: (702) 395-1070

19

20     dd.    Suditi
              Sujay L. Patel, D.O., and/or
21            Person Most Knowledgeable and/or
              Custodian of Records
22            2505 Anthem Village Drive, Suite E 134
              Henderson, Nevada 89052
23            Telephone: (702) 453-3799

24

25     ee.    Dura Medic, LLC
              Person Most Knowledgeable and/or
26            Custodian of Records
              P.O. Box 2728
27            Austin, Texas 78768
              Telephone: (512) 320-5400

28

Plaintiff reserves the right to call at trial any of the witnesses identified in Defendants' list of witnesses and any other witnesses that are otherwise permitted to testify including, but not limited to, any person not named herein for rebuttal/impeachment purposes.  Plaintiff further reserves the right to call any Custodian of Records as may be necessary to testify as to the authenticity of the medical and billing records associated with Plaintiff's care and treatment. Plaintiff reserves the right to object to the foregoing and any other witnesses identified and/or called by Defendants.

**Defendants' witnesses:**

a.      Phillip Elwell
        c/o Paul G. Albright, Esq.
        NAQVI INJURY LAW
        9500 West Flamingo Road, Suite 104
        Las Vegas, Nevada 89147

b.      Gregory Harvey
        c/o Karie N. Wilson, Esq.
        ALVERSON TAYLOR & SANDERS
        6605 Grand Montecito Parkway, Suite 200
        Las Vegas, Nevada 89149

c.      Nicholas Gilmour
        c/o Karie N. Wilson, Esq.
        ALVERSON TAYLOR & SANDERS
        6605 Grand Montecito Parkway, Suite 200
        Las Vegas, Nevada 89149

d.      Cade L. Smith, D.C., or
        Person Most Knowledgeable and/or Custodian of Records
        Active Body Chiropractic
        8945 West Post Road, Suite 105
        Las Vegas, Nevada 89148

e.      Person Most Knowledgeable and/or Custodian of Records
        Canyon Medical Billing
        6325 South Jones Boulevard, Suite 400
        Las Vegas, Nevada 89118

1

2

3

4

 f. Bhuvana P. Kittusamy, M.D., or
   Person Most Knowledgeable and/or Custodian of Records
   Las Vegas Radiology
   7500 Smoke Ranch Road, Suite 100
   Las Vegas, Nevada 89128

5

6

7

 g. Jason E. Garber, M.D., or
   Person Most Knowledgeable and/or Custodian of Records
   Las Vegas Neurosurgical Institute Center for Spine and Brain Surgery
   3012 South Durango Drive
   Las Vegas, Nevada 89117

8

9

10

 h. Person Most Knowledgeable and/or Custodian of Records
   Dura Medic LLC
   PO Box 2728
   Austin, Texas 78768

11

12

13

14

 i. Person Most Knowledgeable and/or Custodian of Records
   Southern Nevada Billing
   2660 Crimson Canyon Drive, Suite 130
   Las Vegas, Nevada 89128

15

16

17

 j. Sujay L. Patel, D.O. and/or Person Most Knowledgeable
   Suditi
   2505 Anthem Village Drive, Suite E 134
   Henderson, Nevada 89052

18

19

20

 k. Bruce T. Burnett, M.D., or
   Person Most Knowledgeable and/or Custodian of Records
   Surgical Anesthesia Services
   8400 West Lake Mead Boulevard, Suite 202
   Las Vegas, Nevada 89128

21

22

23

24

 l. R. Toone, Badge # H6719
   Nevada Highway Patrol
   Southern Command
   4615 West Sunset Road
   Las Vegas, Nevada 89118

25

26

27

 m. Scott Hunter
   Hunter Investigative Group, Inc.
   11700 West Charleston Boulevard, Suite 170-267
   Las Vegas, Nevada 89135

28

n.     Timothy Trainor, M.D. and/or Person Most Knowledgeable
Advanced Orthopedics and Sports Medicine
8420 West Warm Springs Suite 100
Las Vegas, Nevada 89113

o.     Morton Hyson, M.D. and/or Person Most Knowledgeable
Monitoring Associates
9811 West Charleston Boulevard, Suite 2-641
Las Vegas, Nevada 89117

p.     Pat Langin
EMC Insurance Company
16150 North Arrowhead Fountain Center Drive, Suite 350
Peoria, Arizona 85382

q.     Thomas Dunn, M.D.
Desert Orthopaedic Center
2800 E. Desert Inn. Rd., Suite 100
Las Vegas, NV 89121

r.     Noel S. Yumiaco M.D., or
Person Most Knowledgeable and/or Custodian of Records
Aurora Diagnostics LMC Pathology Services
7455 West Washington Avenue, Suite 301
Las Vegas, Nevada 89128
Telephone: (702) 732-3441

s.     Mark Rosen, M.D.
2020 Palomino Lane, Suite 110
Las Vegas, Nevada 89106

t.     Ted Bain, MD, CCFP
5711 University Heights Blvd., Suite 107
San Antonio, Texas 78249

Defendants reserve the right to call or cross-examine any and all witnesses identified by the other parties herein. Defendants further reserve the right to call any Custodian of Records as may be necessary to testify as to the authenticity of the medical and billing records associated with Plaintiff's care and treatment. Defendants reserve the right to object to the foregoing and any other witnesses identified and/or called by Plaintiff.

## X.

## TRIAL DATE

Counsel have met and herewith submit a list of three (3) agreed-upon trial dates:

1. June 7, 2021

2. June 14, 2021

3. June 21, 2021

It is expressly understood by the undersigned that the court will set the trial of this matter on one (1) of the agreed-upon dates if possible.  If not, the trial will be set at the convenience of the court's calendar.

## X.

## TIME FOR TRIAL

It is estimated that the trial herein will take a total of **7 to 10 full judicial days**.

**APPROVED AS TO FORM AND CONTENT BY:**

DATED this 15th day of January, 2021.

NAQVI INJURY LAW


_/s/ Paul G. Albright_____
FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
9500 W. Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*

DATED this 15th day of January, 2021.

ALVERSON TAYLOR & SANDERS


_/s/ Karie N. Wilson_____
KARIE N. WILSON
Nevada Bar No. 7957
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, Nevada 89149
*Attorney for Defendants*

. . .

. . .

. . .

# XI.

## ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on <u>September 27, 2021 at 9:00 a.m.</u>. Calendar call shall be held on <u>September 21, 2021 at 8:45 a.m.</u> in Courtroom <u>6C</u>.

This pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case.  This order shall not be amended except by order of the court, pursuant to agreement of the parties, or to prevent manifest injustice.

DATED: <u>January 19, 2021</u>.


_____

UNITED STATES DISTRICT JUDGE


**NOTICE: Due to the unusually large number of complex criminal cases set for lengthy trials before this Court, civil trials may possibly be held in a trailing status for months or be assigned to another District Court Judge for trial. Therefore, the Court <u>strongly urges</u> the parties to consider their option to proceed before a Magistrate Judge pursuant to Local Rule IB 2-2, in accordance with 28 USC Section 636 and FRCP 73.**

**The Clerk shall provide the parties with a link to AO 85 Notice of Availability, Consent and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge form on the Courts website.**